**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ALBERT J. FIELDS, JR.,

              Plaintiff,

      v.

CITY OF SALEM HOUSING
AUTHORITY, et al.,

              Defendant.

Civil No. 14-778 (NLH/KMW)

**MEMORANDUM OPINION
AND ORDER**

**APPEARANCES:**

Albert J. Fields, Jr.
P.O. Box 1052
Salem, New Jersey 08079
    *Pro Se Plaintiff*

**HILLMAN, District Judge**

This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-3] to proceed in forma pauperis ("IFP application") in this action and by way of Plaintiff's complaint [Doc. No. 1] both of which were submitted to the Court on February 7, 2014; and

The Court recognizing that when a non-prisoner seeks permission to file a civil complaint in forma pauperis under 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA") requires the person[1] to submit an affidavit that includes a

---

[1]    Although Section 1915 refers to "prisoners," federal courts

statement of all assets and that the person is unable to pay such fees or give security therefor, see 28 U.S.C. § 1915(a); and

The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on February 7, 2014, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he is unable to pay the costs of these proceedings, accordingly, based on the

---

apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

information contained therein, the Court hereby grants
Plaintiff's application to proceed in forma pauperis in this
case and directs the Clerk to file the complaint in this action;
and

The Court also noting that under the PLRA the Court, prior
to docketing or as soon as practicable after docketing, must
also review the complaint in a civil action in which a plaintiff
is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).
The PLRA requires the Court to sua sponte dismiss any claim if
the Court determines that it is frivolous, malicious, fails to
state a claim on which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief.  Id.;
and

The Court further noting that a "document filed pro se is
to be liberally construed, ... and a pro se complaint, however
inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers[.]"  Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation
marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520
(1972); and

In considering whether Plaintiff's complaint fails to state
a claim, the Court must accept all well-pleaded allegations in

the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed.R.Civ.P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949); and

The Court further noting that a district court "must then determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; and

Plaintiff alleging that the Defendant City of Salem Housing Authority "deprived the plaintiff of his public housing unit in violation of N.J.S.A. 2A:42-10.10, the Tenant Reprisal Act" as a result of Plaintiff's "efforts to secure or enforce [his] rights under the lease or contract, or under the laws of the State of New Jersey or its governmental subdivisions, or of the United States, specifically the National Housing Act, 42 U.S.C.A. § 1437, 42 U.S.C. [§]1983 and 42 U.S.C. § 1986[,]" (Pl.'s Compl. [Doc. No. 1] ¶ 6); and

Plaintiff further alleging that "Defendant, Elizabeth Loyle conspired with Defendant, Francine Dickerson and deprived the plaintiff of the opportunity for a hearing under the Public Housing grievance procedure prior to eviction as provided by 24 C.F.R. § 966.4(1)(3)(iv), 42 U.S.C. § 1983 and 42 U.S.C. [§] 1985[,]" (Id. ¶ 7); and

The Court noting that Plaintiff now seeks compensatory damages in the amount of $7,000,000.00, plus punitive and exemplary damages, and all other relief provided for under 42

U.S.C. § 1983, (Id. ¶¶ 10-12); and

The Court finding that, even construed liberally, Plaintiff's complaint does not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief.  Rather, Plaintiff's pleading simply alleges - in a conclusory fashion - that Plaintiff is entitled to relief based Defendants' purported conduct.  For example, Plaintiff fails to allege the location of his public housing unit, what specific rights he attempted to enforce under his lease that lead to Defendants' alleged reprisal against him, and the specific ways in which Defendants treated Plaintiff which he contends constitute reprisal; and

The Court noting that the Twombly/Iqbal standard requires Plaintiff to do more than simply allege his entitlement to relief in this conclusory manner.

Accordingly,

IT IS on this   14th   day of    April   , 2014, hereby

**ORDERED** that Plaintiff's IFP Application [Doc. No. 1-3] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to file Plaintiff's complaint [Doc. No. 1] in this action; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is,

6

**DISMISSED WITHOUT PREJUDICE**; and it is further

    **ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

    **ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **thirty (30)** days of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief.


                                           s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.