UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ALBERT J. FIELDS, JR.,

                   Plaintiff,          Civil No. 14-778 (NLH/KMW)

v.

                                      <u>**OPINION**</u>

FRANCINE DICKERSON and
ELIZABETH LOYLE,

                   Defendants.

_____

**APPEARANCES:**

Albert J. Fields, Jr.
P.O. Box 1052
Salem, New Jersey 08079
     *Plaintiff Pro Se*

Bruce W. Padula
Ashley Elizabeth Malandre
Cleary Giacobbe Alfieri Jacobs, LLC
5 Ravine Drive
P.O. Box 533
Matawan, NJ 07932
     *Attorneys for Defendants Elizabeth Loyle*

Brian Patrick Budic
Florio Perrucci Steninhardt & Fader, LLC
1010 Kings Highway South
Building 2
Cherry Hill, NJ 08034

Lester E. Taylor, III
Florio Perrucci Steninhardt & Fader, LLC
218 Rt. 17 North
Suite 300
Rochelle Park, NJ 07662
     *Attorneys for Defendant Francine Dickerson*

**HILLMAN, District Judge:**

This action concerns an eviction which took place on November 13, 2013.  Presently before the Court is a motion for summary judgment [Doc. No. 21] filed by Plaintiff Albert J. Fields and two cross-motions for summary judgment filed by the remaining Defendants in this case, Francine Dickerson [Doc. No. 35] and Elizabeth Loyle [Doc. No. 39].

I.   **BACKGROUND**

Plaintiff avers that on July 12, 2010, he entered into a residential lease agreement with the Salem Housing Authority for a one-bedroom unit located at 133 Anderson Drive, Salem, New Jersey.  (Am. Compl. ¶ 6 [Doc. No. 3].)  On April 21, 2011, the Salem Housing Authority performed its annual rent evaluation and increased Plaintiff's rent from $50 to $364 per month.  (Id. ¶ 8.)  In July 2011, Plaintiff was unable to make his rent payments and the Salem Housing Authority filed a complaint for non-payment of rent.  (Id. ¶ 9.)  Plaintiff entered into a repayment agreement, presumably resolving that dispute. (Id. ¶ 10.)  In February 2012, the Salem Housing Authority filed a second complaint against Plaintiff in the Superior Court of New Jersey for non-payment of rent.  (Id. ¶ 12.)  In March 2012, the Superior Court entered a judgment of possession against

2

Plaintiff in the amount of $2,399.50, which was subsequently reduced to $1,972.50.  (Id. ¶ 14.)

In May 2012, the Salem Housing Authority performed another rent evaluation and determined Plaintiff's new rental amount to be $206 per month.  (Am. Compl. ¶ 15.)  From May 16, 2012 to October 15, 2012, Plaintiff was incarcerated and consequently lost his job.  (Id. ¶ 16.)  On June 17, 2012, Plaintiff requested a financial hardship exemption to avoid eviction. (Id. ¶ 17.)  Following this request, Plaintiff's rent was reduced to $50 a month.  (Id. ¶ 18.)  On August 23, 2012, the Salem Housing Authority informed Plaintiff of its intent to move forward with eviction procedures for non-payment of rent. (Id. ¶ 19.)  When Plaintiff was released from jail on October 15, 2012, he discovered that a default judgment of possession had been entered in the amount of $662 for unpaid rent.  (Am. Compl. ¶ 20.)  Plaintiff appealed that order, and the Superior Court of New Jersey, Appellate Division vacated the default judgment. (Id. ¶¶ 23, 40.)  The Salem Housing Authority apparently declined to proceed in that eviction action.  (Id. ¶ 40.)

In June 2013, the Salem Housing Authority performed its annual rent evaluation and increased Plaintiff's rent from $50 per month to $308.  (Am. Compl. ¶ 30.)  Plaintiff opposed the rent adjustment in writing, arguing that there should be an exemption for child support and an "income disregard."  (Id. ¶

3

31.)  Despite his obligation to pay $308 per month, Plaintiff
paid only $50 rent for June and July 2013.  (Id.)

On August 5, 2013, the Salem Housing Authority advised
Plaintiff by letter that given his unreported past earnings, he
owed $2,521 in retroactive rent by August 21, 2013.  (Id. ¶ 32;
Budic Cert., Exhibit C [Doc. No. 35-3].)  The letter also
advised Plaintiff of his right to contest this finding or
request a formal grievance hearing.  (Id.)  On September 30,
2013, the Salem Housing Authority then filed a complaint for
non-payment of rent seeking $2,521 as unreported income, rent in
the amount of $258 for the month of July, and $308 in rent for
the months of August, September and October 2013.  (Am. Compl. ¶
34.)  The Superior Court entered a judgment of possession on
October 18, 2013 for the Salem Housing Authority in the amount
of $3,703.  Plaintiff was removed from the property on November
13, 2013 pursuant to a warrant of removal, and the locks were
changed by the landlord.  (Id. ¶¶ 36, 41.)

On November 1, 2013, Plaintiff moved in Superior Court to
vacate the judgment for possession.  (Budic Cert., Exhibit J.)
Plaintiff argued that when his rent was increased in June 2013,
a grievance procedure should have been initiated.  Plaintiff
argued the failure to notify him of the grievance procedure was
grounds to vacate the judgment of possession.  (Id.)  On
December 13, 2013, the Honorable Darrell M. Fineman, J.S.C.,

4

denied Plaintiff's motion to vacate the judgment of possession. (Budic Cert., Exhibit L.)

Following Judge Fineman's determination in the Superior Court of New Jersey, Plaintiff filed the instant federal complaint against the Salem Housing Authority, Dickerson, and Loyle on February 7, 2014.

On August 7, 2014, Plaintiff again moved to vacate the judgment in Superior Court arguing that the Salem Housing Authority misrepresented to the Court that he did not initiate a grievance. (Budic Cert., Exhibits N, O.) In a written decision dated October 30, 2014, Judge Fineman denied Plaintiff's second motion and found:

> [Mr. Fields] contends that he was not given an opportunity for an informal grievance discussion, nor a formal hearing, but did admit upon the record dated October 18, 2013 that he had not requested the informal discussion nor had he requested a formal hearing in writing. A notification dated August 5, 2013 was sent to Mr. Fields from the Salem Housing Authority, and Mr. Fields admitted to receipt of this notice at oral argument. The letter complied with all the requirements codified under federal law, including alerting [Mr. Fields] to his rights to the grievance process.

(Oct. 30, 2014 Decision at 2-4; Malandre Cert., Exhibit P.) Further, Judge Fineman found that even if Plaintiff could prove the notice was deficient, the grievance process would have been futile because it was "undisputed" Plaintiff owed the Salem Housing Authority retroactive rent for concealed income. (Id.

at 4.)   Plaintiff thereafter filed a motion for reconsideration

on November 14, 2014. (Budic Cert., Exhibit Q.)  In a January

20, 2015 written opinion, Judge Fineman denied Plaintiff's

motion and found:

> The Court is satisfied that the Salem Housing
> Authority fulfilled its obligations in offering [Mr.
> Fields] an opportunity for an informal and formal
> hearing . . . [the Salem Housing Authority] complied
> with the notice and grievance requirements set forth
> in 24 CFR § 966.50, et seq., of which [Mr. Fields]
> failed to avail himself.

(Budic Cert., Exhibit T [Doc. No. 35-4].)  Plaintiff then filed

a notice of appeal to the New Jersey Appellate Division on

January 23, 2015. (Budic Cert., Exhibit U.)

Plaintiff originally brought this action in federal court

related to the same events against the Salem Housing Authority

and two of its employees, Elizabeth Loyle and Francine

Dickerson.  (Am. Compl. ¶¶ 3, 4.)  On July 10, 2015, this Court

screened Plaintiff's amended complaint pursuant to 28 U.S.C. §

1915(e) and found that Plaintiff failed to state a plausible

claim for relief against the Salem Housing Authority in Counts

I-III.  The Court determined, however, that Plaintiff's Section

1983 claims contained in Count IV of his amended complaint

against Dickerson and Loyle could proceed.  (See July 10, 2015

Op. and Order [Doc. Nos. 4, 5].)  On July 16, 2015, Plaintiff

informed the Court that he did not wish to further amend his

complaint and would proceed against only Loyle and Dickerson. (July 16, 2015 Letter [Doc. No. 6].)

Plaintiff contends in Count IV of his complaint that he submitted a written grievance to Dickerson and Loyle concerning an increase in his rent, but they failed to provide him with an informal hearing and instead commenced eviction proceedings.

## II.  JURISDICTION

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and the Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary

7

judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing Celotex, 477 U.S. at 325).

8

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 257.

IV.  **DISCUSSION**

Defendants argue that Plaintiff's remaining claim is barred by the doctrine of collateral estoppel.  Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  Precluding "parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and

vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979).

With regard to issues first presented to a state tribunal, federal courts have consistently afforded preclusive effect to issues decided by state courts, and, thus "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen v. McCurry, 449 U.S. 90, 95-96 (1980); see also 28 U.S.C. § 1738 (providing that the rulings of state courts "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ... from which they are taken").

In determining the preclusive effect of a state court judgment, the Court applies the rendering state's law of preclusion. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985). Thus, whether Plaintiff's claim is precluded turns on the law of New Jersey.

Under New Jersey law, in order for the doctrine of collateral estoppel to apply the party asserting the doctrine must show that: (1) the issue to be precluded is identical to

10

the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. Olivieri v. Y.M.F. Carpet, Inc., 897 A.2d 1003, 1009 (N.J. 2006) (further citation omitted).

Even where the five requirements are met, however, courts may exercise their discretion to deny preclusion where its application would be unfair. Allen v. V & A Bros., 26 A.3d 430, 445 (2011). The Supreme Court of New Jersey has outlined a number of factors that weigh against preclusion, including whether: "the party against whom preclusion is sought could not have obtained review of the prior judgment; the quality or extent of the procedures in the two actions is different; it was not foreseeable at the time of the prior action that the issue would arise in subsequent litigation; and the precluded party did not have an adequate opportunity to obtain a full and fair adjudication in the prior action." Id. (further citation omitted). Likewise, factors that weigh in favor of preclusion include: "conservation of judicial resources; avoidance of repetitious litigation; and prevention of waste, harassment, uncertainty and inconsistency." Id.

Here, it is very clear the five factors are met, and that fairness weighs in favor of preclusion.  First, Defendants seek to preclude a claim identical to one decided in the prior proceedings.  In Count IV of Plaintiff's amended complaint he alleges that Loyle and Dickerson "deprived [him] of the opportunity for a hearing under the Public Housing grievance procedure prior to eviction . . ."  (Am. Compl. at 18-19.)  Likewise, in the October 30, 2014 decision, Judge Fineman denied Plaintiff's motion to vacate the judgment for possession entered on October 18, 2013.  Judge Fineman summarized Plaintiff's argument as follows:  "[Mr. Fields] contends that he was not given an opportunity for an informal grievance discussion, nor a formal hearing."  (Oct. 30, 2014 Decision at 2).  The issue presented to this Court - whether Plaintiff was given an opportunity to engage in informal and formal grievance procedures - was the exact issue decided by Judge Fineman in the Superior Court of New Jersey.

The same issue was again litigated when Plaintiff filed a motion for reconsideration which was denied in a January 20, 2015 written decision.  (Jan. 20, 2015 Decision at 2 ("The Court is satisfied that the Salem Housing Authority fulfilled its obligations in offering [Mr. Fields] an opportunity for an informal and formal hearing, and that the Court that entered judgment therefore had jurisdiction over the mater, and properly

12

entered judgment.")) Thus, the issue was actually litigated in the prior proceedings. Further, both decisions were findings on the merits.

Additionally, the determination of this issue was essential to the prior judgments. A matter is essential when it was necessary to support the judgment rendered in the final action. Matter of Estate of Dawson, 641 A.2d 1026, 1035 (1994) (citing Warren Twp. v. Suffness, 542 A.2d 931 (App. Div. 1988), certif. denied, 552 A.2d 166 (1988)). Plaintiff filed a motion to vacate the judgment of possession on November 1, 2013, a second motion to vacate the judgment on August 7, 2014, and a motion for reconsideration on November 14, 2014, all of which were opposed by the Salem Housing Authority. Plaintiff then appealed the denial. The finding that Plaintiff was not denied any procedural right was essential to the state judgments.

Finally, Defendants seek to invoke collateral estoppel defensively against Plaintiff, who was a party to the state court proceedings. In New Jersey, mutuality of parties is not required for collateral estoppel to apply; rather, the party preclusion is asserted against must be a party or in privity to a party in the first proceedings. Zirger v. Gen. Acc. Ins. Co., 676 A.2d 1065, 1071 (N.J. 1996). Here, because Dickerson and Loyle are seeking to preclude Plaintiff from relitigation and

Plaintiff was a party to the original proceeding, the final factor for collateral estoppel is satisfied.

Additionally, the Court is convinced that fairness weighs in favor of preclusion.  By applying the doctrine of collateral estoppel, the Court is avoiding repetitious litigation and preventing waste, harassment, uncertainty and inconsistency. Plaintiff's remaining claim was considered at least three times by the state court.  Plaintiff had more than an adequate opportunity to obtain a full and fair adjudication in the prior action.[1]

---

[1] Dickerson and Loyle offer several other reasons why the Court should dismiss Plaintiff's amended complaint. First, defendants argue that Plaintiff's claims are barred by res judicata, or claim preclusion.  We have questions regarding the application of res judicata in this case since it is not clear that the individual defendants are in privity with the defendants in the state action.  Privity is required. Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994) (for res judicata to apply there must be identity of the parties, or the parties in the second action must be in privity with those in the first action)(citing Watkins v. Resorts Int'l Hotel & Casino, Inc., 591 A.2d 592, 599 (N.J. 1991)).  Dickerson and Loyle were not named as defendants in the state action and privity does not extend to government employees sued in their individual capacities. Edmundson v. Borough of Kennett Square, 4 F.3d 186, 191 (3d Cir. 1993).  However, in light of our decision to dismiss on grounds of issue preclusion we need not reach this issue.  Similarly, we need not address defendants' argument that Plaintiff's claims are barred by the Rooker-Feldman abstention doctrine or Loyle's more generic plea for abstention. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); cf., Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (federal claims against housing agency were not barred by the Rooker-Feldman doctrine because the claims were attributable

IV.   **CONCLUSION**

For the reasons set forth above, Defendants' motions for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.

An Order consistent with this Opinion will be entered.


_s/ Noel L. Hillman_____
NOEL L. HILLMAN, U.S.D.J.

Date: July 6, 2016
At Camden, New Jersey

_____

to the defendants' alleged FHA violations that preceded the state court judgment).