```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

ALBERT J. FIELDS, JR.,

        Plaintiff,        Civil No. 14-778 (NLM/KMW)

   v.

                                          OPINION

FRANCINE DICKERSON and
ELIZABETH LOYLE,

        Defendants.

**APPERANCES:**

Albert J. Fields, Jr.
P.O. Box 1052
Salem, New Jersey 08079
Plaintiff Pro Se

Bruce W. Padula
Ashley Elizabeth Malandre
Cleary Giacobbe Alfieri Jacobs, LLC
5 Ravine Drive
P.O. Box 533
Matawan, NJ 07932
    *Attorneys for Defendant Elizabeth Loyle*

Brian Patrick Budic
Florio Perrucci Steninhardt & Fader, LLC
1010 Kings Highway South
Building 2
Cherry Hill, NJ 08034

Lester E. Taylor, III
Florio Perrucci Steninhardt & Fader, LLC
218 Rt. 17 North
Suite 300
Rochelle Park, NJ 07662
    *Attorneys for Defendant Francine Dickerson*

1

**HILLMAN, District Judge**:

Plaintiff Albert Fields, *pro se*, brings this § 1983 action asserting that Defendants Dickerson and Loyle deprived him of his federal constitutional and statutory rights when they allegedly failed to provide him with a grievance hearing prior to evicting him from his public housing.

Presently before the Court is Plaintiff's motion for reconsideration of the Court's opinion and order granting summary judgment to the Defendants on the basis of collateral estoppel. For the reasons set forth below, Plaintiff's motion for reconsideration will be **DENIED.**

I.   FACTUAL BACKGROUND AND PROCEDRUAL HISTORY

The opinion and order which are the subject of the instant motion for reconsideration are available at <u>Fields, Jr. v. Dickerson</u>, *et al.*, 2016 U.S. Dist. LEXIS 87206 (D.N.J. July 6, 2016), and are incorporated herein by reference.

The Court granted summary judgment to Defendants on the basis of collateral estoppel because the undisputed record evidence conclusively established that the issue of whether Defendants were required to provide Plaintiff with a grievance hearing was raised, litigated, and decided against Plaintiff within the context of Plaintiff's eviction proceeding. Specifically, the Court gave preclusive effect to the state

court's conclusion that Defendants were not required to provide Plaintiff a grievance hearing, because, the state court found, Plaintiff "'had not requested'" a grievance hearing. <u>Fields</u>, 2016 U.S. Dist. LEXIS 87206 at *5 (quoting the state court's written decision).

**II. LEGAL STANDARD**

In this District, Local Civil Rule 7.1(i) governs motions for reconsideration. Local Civil Rule 7.1(i) will apply where no final judgment has been entered pursuant to Rule 54(b). <u>See</u> <u>Warner v. Twp. of S. Harrison</u>, 885 F. Supp. 2d 725, 747–48 (D.N.J. 2012). However, the standard for evaluating the request is the same as the standard under Rule 59(e). <u>Id.</u>

"The scope of a motion for reconsideration . . . is extremely limited." <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010)(citing <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or

prevent manifest injustice." Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Facteon, Inc. v. Comp Care Partners, LLC, Civ. No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015)(quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**IV.   DISCUSSION**

Plaintiff asserts that "[t]he Court erred in determining the Plaintiff attempted to re-litigate the state court action." (Moving Brief, p. 6)  According to Plaintiff, he "availed himself of the state court remedies regarding the landlord tenant action with the Housing Authority and does not require this court to do [] more than to take judicial notice of the state court action." (Id. at p. 3)

This argument misapprehends the Court's summary judgment decision.  The Court did not conclude that Plaintiff sought to relitigate the state court eviction proceeding insofar as it is

4

undisputed that Plaintiff was the defendant in the state court action, whereas here, Plaintiff seeks to affirmatively vindicate his federal statutory and constitutional rights.  Plaintiff is correct that the legal claims, and the two cases, are not the same.

However, the issue of whether Plaintiff was entitled to a grievance hearing was and is integral to both cases.  It was a defense to eviction in the state court case, and it is the asserted factual basis for Plaintiff's claims in this suit. Fundamentally, the finding that Plaintiff did not invoke his asserted right to a grievance hearing is fatal to both Plaintiff's defense to eviction and right to affirmative relief. Such was the basis for the Court's decision, and the Court finds no error in it.

**V. CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration will be **DENIED.**

An Order consistent with this Opinion will be entered.


Dated: March 30, 2017                _s/ Noel L. Hillman___
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.